UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CUSHAW BANACEK BARNETT,
                Plaintiff,

                v.                          CIVIL ACTION NO. 13-10038-DPW

COMMONWEALTH OF MASSACHUSETTS, ET AL.,
                Defendant.


MEMORANDUM AND ORDER
January 17, 2013

WOODLOCK, D.J.

I.   INTRODUCTION

      On January 7, 2013, plaintiff Cushaw Banacek Barnett

("Barnett"), a federal prisoner currently housed at the Essex

County Jail in Middleton, Massachusetts, filed a skeletal self-

prepared complaint under 42 U.S.C. § 1983.[1]  Essentially, his

claims are twofold.  First, he challenges his continued custody.

Specifically, he contends that he is being held unlawfully in

---

[1]It appears that Barnett is a federal prisoner in custody for
violations of supervised release.  *See United States v. Barnett*,
1:05-cr-000950SM-1 (D.N.H. (Concord)) *aff'd* Nos. 2648, 2649 (1st
Cir. May 4, 2010).  A review of PACER records indicates that
Barnett was sentenced to a term of imprisonment of 110 months on
November 17, 2005, for distribution of cocaine base (crack).  The
PACER records also reflect that on December 28, 2012, Barnett
filed in his criminal case a Motion/Demand to Be Released for
Plain Error (Docket No. 143).  In that motion, he asserted the
same allegations in this action (*i.e.*, the failure to indict
within 30 days after his arrest).  On January 7, 2013, Judge
Steven J. McAuliffe denied that motion (Docket No. 145) stating
that Barnett was not being held to answer for criminal conduct as
such, but was charged with violating his supervised release
imposed as part of his criminal sentence.

jail under a federal court criminal judgment.  He asserts that
the criminal judgment is void because a federal grand jury failed
to indict him within 30 days of his 2004 arrest for three
violations of 21 U.S.C. § 841(a)(1).  He further contends the
federal government is prohibited from prosecuting anyone for a
capital or infamous crime if that person is not indicted by a
grant jury within 30 days of his arrest.  Moreover, he claims
that he did not sign a waiver of indictment and did not plead to
an Information until 392 days after his arrest.  He seeks
$3,000,000.00 in damages and a trial by jury.[2]

Second, Barnett asserts what is broadly construed as a

---

[2]Notably, plaintiff also has pending a § 1983 suit against his
former defense counsel, seeking $3,000,00, based on the same
allegation that the government failed to indict him within 30
days after his arrest.  *See Barnett v. Levin*, 1:12-fp-00518
(D.N.H. (Concord))(filed Dec. 28, 2012).  Additionally, plaintiff
filed a civil rights suit against the federal district court
judge who sentenced him to prison after he pled guilty to
violating federal drug laws.  That action was dismissed as
patently frivolous.  *See Barnett v. Barbadoro*, 09-cv-00281
(D.N.H.)(Order (Docket No. 5)) *aff'd*, No. 09-2492 (1st Cir. May
21, 2010).  Plaintiff filed another civil action against the
Chief Deputy Clerk of the United States District Court, District
of New Hampshire, alleging that the defendant violated Rule 79 of
the Federal Rules of Civil Procedure for failing to file a
document in which plaintiff sought to renounce his citizenship.
That action was summarily dismissed for failure to state a claim.
*See Barnett v. Lynch*, 1:12-cv-00051-JAW (D.N.H.)(Report and
Recommendation adopted June 6, 2012).  For purposes of 28 U.S.C.
§ 1915(g), it does not appear that plaintiff is as yet a three-
strike litigant.  That circumstance may change depending upon the
outcome of this case.

denial of access to the courts claim.  Briefly, he claims that he

needs to have more time in the law library to work on motions

regarding the unconstitutionality of his imprisonment.  He states

he has only 45 minutes a day in the library since it is closed on

the weekends and at least one day during the week.  He also seeks

to be supplied with pens or pencil sharpeners in the unit.

II.  DISCUSSION

    A.   The Filing Fee

    Barnett did not pay the $350.00 filing fee for this action

nor did he seek a waiver of the filing fee by filing a Motion for

Leave to Proceed *in forma pauperis*.  A party bringing a civil

action must either (1) pay the $350.00 filing fee, see 28 U.S.C.

§ 1914(a); or (2) seek leave to proceed without prepayment of the

filing fee, see 28 U.S.C. § 1915 (proceedings *in forma pauperis*).

Where, as here, the plaintiff is a prisoner, a motion for waiver

of prepayment of the filing fee must be accompanied by "a

certified copy of the trust fund account statement (or

institutional equivalent) for the prisoner for the 6-month period

immediately preceding the filing of the complaint...obtained from

the appropriate official of each prison at which the prisoner is

or was confined."  28 U.S.C. § 1915(a)(2).[3]

---

[3]Unlike other civil litigants, prisoner plaintiffs are not
entitled to a complete waiver of the $350.00 filing fee,

Accordingly, within 21 days of this Memorandum and Order, plaintiff either shall: (1) pay the $350.00 filing fee; or (2) file an application to proceed *in forma pauperis* accompanied by a certified prison account statement.  Failure of the plaintiff to comply with this directive may result in the dismissal of this action.

The Clerk shall provide plaintiff with the standard Application to Proceed in District Court Without Prepaying Fees or Costs.  The Clerk shall also send a copy of this Memorandum and Order to the Treasurer's Office at the Essex County Jail in order to facilitate any request by the plaintiff for his certified prison account statement.  The Treasurer's Office is requested to include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

---

notwithstanding the grant of *in forma pauperis* status.  Based on the information contained in the prison account statement, the appropriate prison official will be directed to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997)(§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

B.   <u>Screening of the Complaint</u>

Because plaintiff is a prisoner, he is subject to the provisions of the Prison Litigation Reform Act.  *See* Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996).  Several of these provisions grant this court the authority to screen and dismiss prisoner complaints.  *See* 28 U.S.C. § 1915 (proceedings *in forma pauperis*); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(ii) and (iii).  *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Section 1915A also authorizes the court to review prisoner complaints in civil actions in which a prisoner seeks redress from a governmental entity, or officers or employees of a governmental entity, and to dismiss the action regardless of

5

whether or not the plaintiff has paid the filing fee, if the complaint lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A.

Here, Barnett has not yet been allowed to proceed *in forma pauperis* and therefore the screening of his complaint is conducted under the auspices of 28 U.S.C. § 1915A only. In connection with the preliminary screening, the complaint is construed generously. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Even under a broad reading, plaintiff's claims are subject to dismissal for the reasons set forth below.

C.   Failure to Comply With Rule 8 Pleading Requirements

Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful

6

opportunity to mount a defense,'" *Díaz-Rivera v.
Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (quoting
*Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir.
1995)).  "In a civil rights action as in any other action ....,
the complaint should at least set forth minimal facts as to who
did what to whom, when, where, and why." *Educadores
Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir.
2004).

Here, Barnett has not clearly identified the defendant or
defendants.  He did not submit a Civil Cover Sheet setting forth
that information, and his complaint simply identifies the parties
in the case caption, stating: "Commonwealth of Mass Essex County
Jail Superintendent Marks."  In the body of the complaint, he
refers to the defendants (plural).  It is unclear, however,
whether there are three defendants (*i.e.*, the Commonwealth, the
jail, and the Superintendent) or whether there are two defendants
(*i.e.*, the Commonwealth and the Essex County Jail Superintendent
or the Essex County Jail and the Superintendent).  Therefore, his
claims are subject to dismissal under Rule 8.

With respect to Barnett's claims regarding law library
access, however, I find that a reasonable inference could be made
that Barnett is alleging he is denied access to the courts and
that he suffered an "actual injury" in that he is unable to

prosecute his challenges to his conviction.  *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996).  Accordingly, I would permit that claim to proceed provided that Barnett first satisfy the filing fee requirements noted above, and provided that he file an amended complaint setting forth this due process claim against the proper defendant.

      D.   <u>Failure to State Claims Against The Commonwealth of Massachusetts; Sovereign Immunity</u>

    As noted above, it is not clear whether the Commonwealth of Massachusetts is named as a separate defendant in this action. In any event, Barnett's claims against the state are not cognizable, because the Eleventh Amendment to the U.S. Constitution bars actions in federal courts for monetary damages against a state and its agencies unless the state has consented to be sued in federal court.  *See Boulais v. Commonwealth of Mass.*, 2002 WL 225936 at *1 (D. Mass. 2002)(citations omitted). *See also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)(unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,... a State cannot be sued directly in its own name regardless of the relief sought."); *Alabama v. Pugh*, 438 U.S. 781 (1978)(*per curiam*)(11th Amendment generally is recognized as a bar to suits against a State, its departments,

and agencies unless the State has consented to suit); *Brown v.*
*Newberger*, 291 F.3d 89, 92 (1st Cir. 2002)("[T]here has been no
unequivocal abrogation of the Commonwealth's 11th Amendment
immunity.").  Even construing plaintiff's complaint broadly,
there is nothing in his allegations that reasonably could be
construed as presenting claims as to which the Commonwealth of
Massachusetts has waived its sovereign immunity to suit in
federal court.

As an additional matter, Barnett has not stated a plausible
claim for relief under 42 U.S.C. § 1983 (the statute under which
a plaintiff may bring an action for the violation of
constitutional rights by those acting under the color of state
law) against the Commonwealth of Massachusetts because a state is
not a "person" under § 1983.  *See Will v. Michigan Dept. of State*
*Police*, 491 U.S. 58, 71 (1989).

E.    The Essex County Jail is Not a Suable Entity

Similarly, to the extent that Barnett is suing the Essex
County Jail itself, his claims are not plausible because a prison
is not a suable entity under § 1983.  *See Stratton v. City of*
*Boston*, 731 F. Supp. 42, 26 (D. Mass. 1989); *see also Lynch v.*
*City Of Phila.,* 408 Fed. Appx. 527 (3d Pa. 2011)(a prison system
is not a suable entity under § 1983); *Marsden v. Federal Bureau*
*of Prisons*, 856 F. Supp. 832 (S.D.N.Y. 1994)("a jail is not an

entity that is amenable to suit.").

    F.   <u>Plaintiff's Claims of False Imprisonment are Barred By</u>
        <u>The Favorable Termination Rule</u>

    Barnett's claims challenging his present custody on the grounds that his criminal conviction (and sentence) is void because he was not indicted within 30 days of his arrest, does not state a claim upon which relief maybe granted because the claim is barred by the Favorable Termination Rule. This is true even if Barnett is not in custody based on the criminal judgment but in custody for violations of supervised release of that criminal judgment.[4]

    It is well-settled that civil rights claims do not accrue unless the prisoner has obtained a "favorable termination" of the underlying conviction, parole, disciplinary action or condition of confinement. *See Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. Under this rule, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

---

[4]Because plaintiff still appears to be subject to the supervised release provision as part of his sentence, he remains "in custody" as to the drug conviction for purposes of a collateral attack on that conviction, and thus Heck would apply. *See Wingo v. Mullins*, 400 Fed. Appx. 344 (10th Cir. 2010). In any event, I cannot find on this record that plaintiff has no available remedy through a direct appeal, § 2255, or habeas relief, that would undermine application of *Heck*.

conviction or sentence invalid, a § 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state

tribunal...or called into question by a federal court's issuance

of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at

486-87 (footnote omitted).  Without such a showing of a favorable

termination, a prisoner's cause of action has not yet accrued.

*Id.* at 489.  The Favorable Termination Rule has been extended to

a wide variety of prisoner challenges where success "would, if

established, necessarily imply the invalidity of the

deprivation...." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

A purpose of this rule is to focus on the need to ensure that

prisoners use only habeas corpus (or similar) remedies when they

seek to invalidate the duration of their confinement. *Wilkinson*

*v. Dotson*, 544 U.S. 74, 81 (2005).[5]  In short, a civil rights

suit is barred "if success in that action would necessarily

demonstrate the invalidity of confinement or its duration." *Id.*

---

[5]Although *Heck* involved a civil rights action brought under 42
U.S.C. § 1983, suits brought under *Bivens v. Six Unknown Named
Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) are
treated in the same manner.  *See Pandey v. Freedman*, 1995 WL
568490, at *1 (1st Cir. 1995)(unpublished)(citing *Stephenson v.
Reno*, 28 F.3d 26, 27 (5th Cir. 1994); *Tavarez v. Reno*, 54 F.3d
109, 110 (2d Cir. 1995).  *See also Abella v. Rubino*, 63 F.3d 1063
(11th Cir. 1995)([C]ourts generally apply § 1983 law to *Bivens*
cases).

at 81-82.

This is not the first time Barnett has been advised about the *Heck* rule.  *See Barnett v. Barbadoro*, 09-cv-00281 (D. N.H.)(Order (Docket No. 5, entered Sept. 2, 2009)).  Here, it is clear that Barnett's challenges would necessarily imply the invalidity of his conviction (and his continued custody) if he were successful in his claim based on the failure to indict within 30 days after arrest.

Accordingly, Barnett's claims of false imprisonment at the Essex County Jail pursuant to 42 U.S.C. § 1983 are subject to dismissal.

G.   Order to Show Cause and File an Amended Complaint

For all of the reasons set forth above, plaintiff's claims of false imprisonment/due process violations based on his continued custody at the Essex County Jail, and his claim of denial of access to the court, will be dismissed within 42 days of the date of this Memorandum and Order unless he demonstrates good cause in writing why his claims should not be dismissed for the reasons stated herein.

Any show cause response is limited to seven (7) pages and should not reiterate the claims contained in his complaint, but should address specifically the legal deficiencies noted herein (*i.e.*, failure to comply with Rule 8 pleading to identify the

12

proper defendant(s) and the *Heck* Favorable Termination Rule as a bar to his § 1983 claim).

Additionally, within that 42 day period, Barnett shall file an amended complaint that comports with the pleading requirements of Rule 8 with respect to his claim of denial of access to the courts.

Failure to comply with this directive will result in a dismissal of this action.

H.   No Summonses Shall Issue

Pending compliance with the directives contained herein, including the satisfaction of the filing fee requirements of this court, no summonses shall issue.  A separate Order shall issue if this action is permitted to proceed further.

III. CONCLUSION

Based on the above, it is hereby Ordered that:

1.   Within 21 days of the date of this Memorandum and Order, plaintiff either shall pay the $350.00 filing fee or he shall file a Motion for Leave to Proceed *in forma pauperis* accompanied by his certified prison account statement;

2.   Within 42 days of the date of this Memorandum and Order, plaintiff shall demonstrate good cause in writing why his claims should not be dismissed for the reasons stated herein;

3.   Within 42 days of the date of this Memorandum and Order, plaintiff shall file an amended complaint setting forth his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure; and

4.    No summonses shall issue pending further Order of this
      court.


SO ORDERED.


                                    /s/ Douglas P. Woodlock
                                    DOUGLAS P. WOODLOCK
                                    UNITED STATES DISTRICT JUDGE